Filed 3/18/14  P. v. Jordan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059151 |
| v. | (Super.Ct.No. PEF06350) |
| WES KERRI JORDAN, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michelle D. Levine, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

## INTRODUCTION

On October 16, 1998, an amended information charged defendant and appellant Wes Kerri Jordan with possession of a controlled substance for sale under Health and Safety Code section 11351.5 (count 1); selling or transporting a controlled substance under Health and Safety Code section 11352, subdivision (a) (count 2); and possession of a controlled substance while armed with a loaded operable firearm under Health and Safety Code section 11370.1 (count 3). The complaint also alleged three enhancements for prior serious felony convictions under Penal Code sections 667 and 1170.12.

On March 31, 1999, a jury found defendant guilty of sale or transportation of a controlled substance; possession of a controlled substance while armed; and simple possession, a lesser included offense of possession for sale. The court found the three serious felony priors to be true. Defendant was sentenced to a total term of 25 years to life.

On February 27, 2013, defendant petitioned for recall of his sentence under Penal Code section 1170.126 and resentencing under the Second Strike law. The trial court denied the petition. Defendant filed a timely appeal.

# II

## STATEMENT OF FACTS

### A.    *Prior Case*

On August 30, 1997, defendant was pulled over for having a broken tail light. He did not have a driver's license and he was on parole. In a pat-down search, the police

2

officer found a rock of cocaine weighing about 1/2 gram in defendant's pocket. Defendant agreed to sit in the back of the patrol car while the police officer searched his car. Defendant told the officer that he would find guns and more drugs in the vehicle. The search turned up 23 grams of rock cocaine, a loaded nine-millimeter gun, a .22-caliber Baretta and ammunition. The guns were under the floor mat on the driver's side of the car. The police officer also found a pager and $847 in cash. When confronted, defendant spontaneously stated, "Hey man, I was honest with you, the dope's mine, but the guns are my girlfriend's, do you think you can cut me a break."

On March 31, 1999, a jury found defendant guilty of possession of a controlled substance, sale or transportation of a controlled substance, and possession of a controlled substance while armed. The court found the three serious felony priors to be true.

On April 20, 1999, in a pre-sentencing probation interview, defendant denied that he had told the police they would find guns and drugs in the car. The car and the guns belonged to someone else. Defendant did not deny that the items were found in the car, but he believed a life sentence for mere possession was too harsh.

Defendant was sentenced under the Three Strikes law to a total term of 25 years to life. On May 5, 1999, defendant filed a notice of appeal.[1] In Case No. E024898, on February 29, 2000, we affirmed the judgment with directions to amend the abstract of

---

[1] At the recall hearing, the parties and the trial court were under the mistaken belief that this case was never appealed.

judgment to reflect a conviction by a jury trial instead of a court trial and other matters regarding fines.

B.       *Resentencing Proceedings*

On February 27, 2013, defendant, represented by counsel, petitioned for recall of his sentence and resentencing as a second striker under Penal Code section 1170.126. The court denied the petition because defendant's current offense, possession of a controlled substance while armed under Health and Safety Code section 11370.1, was a serious or violent felony that rendered defendant ineligible for resentencing under Penal Code section 1170.126, subdivision (e)(1).  Having reached this conclusion of ineligibility, the trial court did not consider, under Penal Code section 1170.126, subdivision (e)(2), whether the current offense (possession while armed) was one in which defendant "used a firearm" or "was armed with a firearm or deadly weapon" within the meaning of Penal Code sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2).

**III**

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

4

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____
                                                                    J.

We concur:


RAMIREZ _____
                    P. J.


HOLLENHORST _____
                    J.